**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4497**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL JAVAN ROSS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:16-cr-00020-JKB-1)

Submitted: May 11, 2020                    Decided: August 18, 2020

Before GREGORY, Chief Judge, NIEMEYER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Ellicott City, Maryland, for Appellant. Robert K. Hur, United States Attorney, Paul E. Budlow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Carl Javan Ross of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1) (2018), and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(4)(B), (b)(2), 2256 (2018). The district court initially sentenced Ross to 120 months' imprisonment, to be served consecutive to a 120-month term of state imprisonment (the "state conviction" or "state sentence"), and imposed a lifetime term of supervised release. On appeal, Ross argued that his sentence was unreasonable. We vacated Ross' sentence and remanded for resentencing, concluding that the district court failed to address Ross' nonfrivolous arguments for a lesser sentence and failed to explain why it was imposing a lifetime term of supervised release. *United States v. Ross*, 912 F.3d 740, 744-46 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019).

On remand,[1] the district court imposed a sentence of 208 months' imprisonment, to be served concurrently with the state sentence, and a 25-year term of supervised release. Ross has again appealed, arguing that his sentence is still unreasonable. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an

---

[1] This case was assigned to a new district judge on remand.

2

opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. We "apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

Ross first argues that the district court failed to address his nonfrivolous arguments for a lesser sentence. In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient

3

if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), we will not "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

We conclude that the district court adequately addressed Ross' arguments. While Ross alleges that the district court simply engaged in a rote rejection of the arguments that he made at the first sentencing hearing, he opted not to renew many of these arguments at resentencing. Moreover, when asked by the court, Ross agreed that it should consider the first sentencing hearing a nullity. Furthermore, after the court reviewed with the Government the arguments that Ross made at the first sentencing hearing, and had given the explanation that Ross now criticizes, Ross expressly declined the district court's invitation to add anything to the discussion of those arguments. Finally, the district court's explanation was anything but rote; the court engaged in a detailed, thoughtful discussion of the arguments, particularly as they related to Ross' mental health issues.

While Ross argues that the district court should have said more in rejecting his arguments, the Government correctly argues that his brief focuses on single sentences in

4

the transcript and not the broader arguments presented to the court. We have not required a district court to address a defendant's arguments with such specificity. *See United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (recognizing that requirement for district court to address defendant's arguments "focuses on the whole of a defendant's argument and does not require the court to address every argument a defendant makes"). And the record belies Ross' claim that the district court did not fully address his argument for treatment as opposed to incarceration. The record here shows that the district court conducted a thorough hearing—asking several questions of the Government and Ross, informing the parties of the specific concerns it had, and offering the parties an opportunity to address those concerns before announcing the sentence.

Ross next contends that the district court failed to explain why it imposed a 25-year term of supervised release. When a district court imposes a term of supervised release, it "must make an individualized assessment based on the facts presented, applying the relevant § 3553(a) factors to the specific circumstances of the case before it, and stating in open court the particular reasons supporting its chosen sentence such that this Court can meaningfully review the sentence." *Arbaugh*, 951 F.3d at 177-78 (brackets and internal quotation marks omitted). Although the district court's explanation of why it imposed a 25-year term of supervised release was shorter than its explanation for the sentence of imprisonment, it is clear from the record that the district court's primary concern was that Ross would reoffend by abusing another child. The court discussed good-time credits with the parties to get an idea of when Ross would be released from custody so it could prevent such recidivism. Thus, the sentence of imprisonment and the term of supervised release

5

were linked.  Furthermore, the district court fully reviewed the conditions of supervised release with the parties, narrowing several of the conditions that the probation officer had recommended.  *See Helton*, 782 F.3d at 152-54 (finding district court did not procedurally err in imposing lifetime term of supervised release when it was clear that court saw terms of imprisonment and supervised release were connected and court discussed proposed conditions of supervised release in detail with the parties before imposing sentence).  Thus, we conclude that Ross' sentence is procedurally reasonable.[2]

Finally, Ross argues that his sentence is substantively unreasonable.  While Ross cites to *United States v. McBride*, 511 F.3d 1293, 1295-96 (11th Cir. 2007), in support of his argument, the fact that the Eleventh Circuit found a different defendant's below-Guidelines sentence was reasonable does not mean that Ross' within-Guidelines sentence is unreasonable.  Admittedly, Ross suffered from abuse as a child and has mental health issues.  The district court balanced these facts with the need to deter Ross from engaging in similar conduct in the future and to protect the public from Ross.  Although the state conviction was not part of the offense conduct for which Ross was convicted, the fact that

---

[2] In a footnote in his brief, Ross argues, without citation to any authority, that the district court erred in applying criminal history points for the state conviction because it considered that conduct to be relevant conduct at sentencing.  We generally do not address such conclusory arguments.  *See Arbaugh*, 951 F.3d at 174 n.2.  However, Ross also challenges the substantive reasonableness of his sentence, and we have held that we must review a sentence for procedural reasonableness before considering its substantive reasonableness.  *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  We conclude that the district court correctly assigned criminal history points because the state conviction was not relevant conduct for Ross' child pornography offenses.  *See* U.S. Sentencing Guidelines Manual §§ 1B1.3(a), 4A1.2 cmt. n.1 (2018).

6

he continued to view child pornography after abusing a child is alarming. Moreover, in explaining why a significant sentence was necessary in this case, the district court thoroughly explained how it differentiated child pornography defendants based on the likelihood that they would harm children. Therefore, we conclude that Ross has failed to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*